UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES DARRELL HAYSLETT, JR.,

Plaintiff,

v. Case No. 26-cv-1381-pp

DREW BLACKBURN,

Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff James Darrell Hayslett, Jr., who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his rights under federal law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 17, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $43.95. Dkt. No. 5. The court received that fee on September 4, 2026. The court will grant the plaintiff's motion for leave to proceed without

prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of

the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff states that he is on a "halal diet," which is a religious diet provided by the kitchen/food service department at Green Bay. Dkt. No. 1 at 2. The defendant, Drew Blackburn, allegedly is the food services manager at Green Bay. Id. The plaintiff alleges that food service has been withholding food items considered halal. Id.

The first incident the plaintiff describes in the complaint involves him being served cheese, which he says *is* halal. The plaintiff alleges that on January 4, 2026, shredded cheese was mixed into his meal and the next day he was given macaroni and cheese. Id. He states that under Wisconsin Department of Corrections (DOC) policy, dairy isn't permissible in a halal diet, but that dairy *is allowed* under a halal diet. Id.

Next, the plaintiff alleges that from February 8 through 14, 2026, he wasn't given the proper amount of meat protein. Id. at 2. He asserts that this led to a deficiency in calories and protein intake and caused severe hunger pains. Id. at 2-3.

The plaintiff also states that on March 6, 2026, he was given a used Ramadan bag. Id. at 3. The plaintiff alleges that he immediately informed a correctional officer who told him that he would try to get another one, but the

plaintiff never received another one because food service "provided a short amount of bags." Id. The plaintiff states that he did not eat his religious meal that night because a replacement bag never was provided. Id.

The plaintiff claims that the defendant violated his rights under the First Amendment to freely practice his religion as well as his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Id. For relief, the plaintiff states that he would like to change the DOC policy "to change foods that the policy considers unlawful, 'Haram,' but are in fact lawful, 'Halal.'" Id. at 4. He also asks for $20,000. Id.

C. Analysis

The RLUIPA prohibits prison officials from "impos[ing] a substantial burden on the religious exercise" of an incarcerated individual "unless the government demonstrates that imposition of the burden on that person . . . is the least restrictive means of furthering [a] compelling governmental interest." West v. Radtke, 48 F.4th 836, 844 (7th Cir. 2022) (quoting 42 U.S.C. §2000cc-1(a)). The only relief available under RLUIPA is declaratory and injunctive relief. See Landor v. La. Dep't of Corr. & Pub. Safety, 146 S. Ct. 1931, 1939, 1942 (2026) (holding that RLUIPA does not permit a cause of action against individuals for money damages); Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011) ("RLUIPA does not authorize any kind of relief against public employees").

The only injunctive relief the plaintiff seeks is a change to the DOC policy so that halal foods considered unlawful under the policy will be allowed under the policy if they are allowed under halal. The plaintiff's example regarding the cheese seems consistent with that relief. The plaintiff states that he correctly received cheese and that cheese is halal. Apparently, he received the cheese

despite DOC policy that says that dairy is not halal. But the plaintiff does not allege that he did *not* receive cheese, he alleges that he *did* receive it. His allegations do not support a claim for injunctive relief. Because this is the only injunctive relief the plaintiff seeks, he has not stated a claim under RLUIPA.

The plaintiff also advances a First Amendment claim. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The First Amendment is applicable to the States through the Fourteenth Amendment. Cantwell v. Connecticut, 310 U.S. 296, 303 (1940). "Prisoners retain the right to exercise their religious beliefs, although that right is not unfettered." Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009). Where prison officials "personally and unjustifiably place[ ] a substantial burden on [an incarcerated individual's] religious practices," they may violate the individual's constitutional rights. Thompson v. Holm, 809 F.3d 376, 379 (7th Cir. 2016) ("We have repeatedly held that forcing an inmate to choose between daily nutrition and religious practice is a substantial burden."). "A substantial burden '[p]uts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Id. 379-80 (quoting Thomas v. Review Bd., 450 U.S. 707, 717-718 (1981)).

The plaintiff first alleges that on January 4 and 5, 2026, he was served cheese despite DOC policy that says diary is not halal. But the plaintiff asserts that cheese *is* halal, and that he received it. As stated above, the plaintiff's allegations regarding being served cheese do not state a claim.

The plaintiff also alleges that for one week in February, he wasn't given the proper amount of meat protein, which led to a deficiency in calories and protein intake and caused severe hunger pains. The plaintiff does not explicitly

say so, but presumably this week-long deficiency of meat protein was related to his halal diet. The plaintiff does not allege that he asked the defendant (or anyone, for that matter) for more food or that he missed any meals. Finally, the plaintiff alleges that the Ramadan bag he received on March 6, 2026 was "used" and that a correctional officer said he would try to get him another one, but the plaintiff did not receive another one. The plaintiff states that he missed that meal.

The plaintiff may be able to state a First Amendment claim based on alleged insufficient "meat protein" from February 8-14, 2026, and missing a Ramadan meal bag on March 6, 2026. See Thompson, 809 F.3d at 380 (Muslim incarcerated individual who was denied proper meal for fifty-five-hour period faced a substantial burden to his First Amendment right to free exercise of religion); see also Jones v. Carter, 915 F.3d 1147, 1150 (7th Cir. 2019) ("When the state forces a prisoner to choose between adequate nutrition and religious practice, it is imposing a substantial burden on his religious practice[.]"). But the plaintiff has not alleged that the defendant had any involvement with these incidents. For the defendant to be liable, the plaintiff must allege more than that the defendant is the kitchen service manager. This is because §1983 does not authorize "supervisory liability." Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1947-49 (2009)). The plaintiff has not alleged that the defendant made or ratified the decisions about his diet. He does not state a claim against the defendant.

The plaintiff has not stated a claim for violation of his constitutional rights. The court will give the plaintiff an opportunity to file an amended complaint.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DETERIMINES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so by the end of the day on **November 6, 2026**. If the plaintiff files an amended complaint by the end of the day on November 6, 2026, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file either an amended complaint or a request for more time to file one by the deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a "strike" as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$306.05** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 2nd day of October, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**Chief United States District Judge**